IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

| | | |
|---|---|---|
| J. DENNIS PUGH, SR., as Administrator of the Estate of JAMES D. PUGH, JR., deceased, | ) ) ) ) | 2008 APR -1 ⊃ 3: 40 |
| Plaintiff, | ) ) | DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA CIVIL ACTION NO. ~~CV 2008~~ 2:08-cv-241-WHA |
| vs. | ) ) | |
| KOBELCO CONSTRUCTION MACHINERY AMERICA, LLC. | ) ) ) | JURY TRIAL REQUESTED |
| Defendants. | ) ) | |

## COMPLAINT

### STATEMENT OF THE PARTIES

1.      Plaintiff, J. Dennis Pugh, Sr., is over the age of nineteen (19) years and is a resident citizen of Lee County, Alabama and is the duly appointed Administrator of the estate of James D. "Jamie" Pugh, Jr.

2.      Defendant Kobelco Construction Machinery America, LLC (hereinafter "Kobelco") is believed to be a foreign corporation with its principal place of business in Calhoun, Georgia, and does business by agent in the State of Alabama.      Said Defendant has sufficient contacts with the State of Alabama to invoke the jurisdiction of this Court.  Defendant Kobelco is believed to be the entity which was responsible for the design, engineering, manufacturing, and marketing of the Kobelco SK210 Hydraulic Excavator, Serial # YQ08U-1770, which is the subject matter of this lawsuit.

3.      This Court has subject matter jurisdiction of this civil action on the basis that the amount in controversy exceeds $ 75,000, and is between citizens of different states.

28 U.S.C.S. § 1332.

## Statement of the Facts

4.    This cause of action arises out of an incident that occurred on April 6, 2006 in Lee County, Alabama.

5.    On said date, James D. "Jamie" Pugh, Jr., was operating the Kobelco SK210 Excavator in a manner intended and foreseeable by Defendant Kobelco.

6.    After driving the excavator to an area for operation, James D. "Jamie" Pugh, Jr., stopped the excavator, stood up and opened the operator entry door.  While James D. "Jamie" Pugh, Jr., was standing up in the operator entry door, the excavator body suddenly swiveled to the left.

7.    As a result of the sudden rotation of the excavator to the left, James D. "Jamie" Pugh, Jr.'s, head was trapped and crushed between the cab of the excavator and a tree.  He died as a result of his injuries.

8.    As a direct and proximate result of the defective Kobelco SK210 Excavator, James D. "Jamie" Pugh, Jr., was killed.

## COUNT ONE
### (Alabama Extended Manufacturer's Liability Doctrine)

9.    Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 8 of the Complaint as if set out here in full.

10.    This cause of action is brought pursuant to the Alabama Extended Manufacturer's Liability Doctrine (AEMLD).

11.    Defendant Kobelco designed, tested, manufactured, built, assembled, inspected, and sold or distributed the Kobelco SK210 Excavator which is the subject of this lawsuit and which caused the death of James D. "Jamie" Pugh, Jr.

12.    Said Defendant reasonably expected that the machine they designed, tested, manufactured, built, assembled, inspected and/or distributed would reach consumers or users thereof without substantial change in the condition in which it was designed, tested, manufactured, built, assembled, inspected and/or distributed.

13.    At the time of James D. "Jamie" Pugh, Jr.'s death, the machine was in substantially the same design and condition as it was on the date of manufacture and original sale or distribution.

14.    At the time James D. "Jamie" Pugh, Jr., was killed by the subject Kobelco SK210 Excavator, the machine was being used as it was intended to be used and in a manner foreseeable to Kobelco.

15.    The subject Kobelco SK210 Excavator was unreasonably dangerous and defective in that it created an unreasonable risk of serious injury or death to expected or intended users.

16.    The subject machine was unreasonably dangerous by design, manufacture, and warnings that accompanied it.

17.    Defendant Kobelco failed to include necessary safety precautions and guards in its design nor were any safety devices on the subject machine adequate or designed to meet industry standards.

18.    As a direct and proximate consequence of the defective nature of the product, James D. "Jamie" Pugh, Jr., was killed when his head was pinned and crushed between the subject excavator and a tree.

WHEREFORE, Plaintiff J. Dennis Pugh, Sr., demands judgment against Defendant Kobelco in such amount as a jury may award, plus the cost of this action.

3

## COUNT TWO
### (Negligence)

19.    Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 18 of the Complaint as if set out here in full.

20.    Defendant Kobelco negligently designed, tested, manufactured, built, assembled, inspected, and sold or distributed the machine in a defective or unreasonably dangerous condition.

21.    Defendant Kobelco negligently failed to warn of the potential hazards associated with the use of its product and negligently failed to issue a notice of the hazard or recall regarding the hazard.

22.    Defendant Kobelco negligently failed to include necessary safety precautions in the subject excavator to prevent the incident that forms the basis for this lawsuit.

23.    Defendant Kobelco assumed a duty to prevent the subject incident yet negligently failed to discharge that duty.

24.    As a direct and proximate consequence of the negligence of Defendant Kobelco, James D. "Jamie" Pugh, Jr., was killed.

WHEREFORE, Plaintiff J. Dennis Pugh, Sr., demands such judgment against Defendant Kobelco in such amount as a jury may award, plus the cost of this action.

## COUNT THREE
### (Wantonness)

25.    Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 24 of the Complaint as if set out here in full.

4

26.    Defendant Kobelco wantonly designed, tested, manufactured, built, assembled, inspected, and sold or distributed the machine in a defective or unreasonably dangerous condition.

27.    Said Defendant knew or should have known that failing to design a reasonably safe product could result in severe injury and/or death to the expected or intended users.

28.    Defendant Kobelco wantonly failed to warn of the potential hazards associated with the use of its product and wantonly failed to issue a notice of the hazard or recall regarding the hazard.

29.    Defendant Kobelco wantonly failed to include necessary safety precautions and guards in its design nor were any safety devices on the machine adequate or designed to meet industry standards.

30.    Defendant Kobelco assumed a duty to prevent the subject incident yet wantonly failed to discharge that duty.

31.    As a direct and proximate consequence of the wantonness of Defendant Kobelco, James D. "Jamie" Pugh, Jr., was killed.

WHEREFORE, Plaintiff J. Dennis Pugh, Sr., demands such judgment against Defendant Kobelco in such amount as a jury may award, plus the cost of this action.

D. MICHAEL ANDREWS (AND076)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
    PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36104
(334) 269-2343
(334) 954-7555 (fax)
mike.andrews@beasleyallen.com

<strong><u>JURY DEMAND</u></strong>

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

D. MICHAEL ANDREWS (AND076)
OF COUNSEL

6

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004499
Cashier ID: brobinso
Transaction Date: 04/01/2008
Payer Name: BEASLEY ALLEN CROW METHVIN
------------------------------------
CIVIL FILING FEE
 For: BEASLEY ALLEN CROW METHVIN
 Case/Party: D-ALM-2-08-CV-000241-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 186621
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

J DENNIS PUGH SR V. KOBELCO
CONSTRUCTION