IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| J. DENNIS PUGH, SR., as Administrator of the Estate of JAMES D. PUGH, JR., deceased,<br><br>    Plaintiff,<br><br>v.<br><br>KOBELCO CONSTRUCTION MACHINERY AMERICA, LLC,<br><br>    Defendant. | CIVIL ACTION NO.:<br>2:08-CV-241-WHK |

## ANSWER

Defendant Kobelco Construction Machinery America, LLC ("KCMA") hereby files the following Answer to plaintiff's Complaint:

1.    KCMA is without sufficient knowledge or information to form a belief as to the truth of the averment in paragraph 1 of the Complaint.

2.    KCMA admits that it is a foreign corporation with its principal place of business Calhoun, Georgia. KCMA denies that it designs or engineers Kobelco SK210 Hydraulic Excavators. KCMA admits that it completes the final assembly of the Kobelco SK210 Hydraulic Excavators, however, many of the component parts are manufactured elsewhere by third parties unrelated to KCMA. KCMA admits that it markets and distributes Kobelco SK210 Hydraulic Excavators, however, KCMA is without sufficient knowledge or information to form a belief as to the truth of the averment that Kobelco SK210 Hydraulic Excavator, Serial No. YQ08U-1770 is the basis of this lawsuit.

3.      KCMA admits the averments in paragraph 3 of the Complaint.

## STATEMENT OF THE FACTS

4.      KCMA is without sufficient knowledge or information to form a belief as to the truth of the averment in paragraph 4 of the Complaint and demands strict proof thereof.

5.      KCMA is without sufficient knowledge or information to form a belief as to the truth of the averment in paragraph 5 of the Complaint and demands strict proof thereof.

6.      KCMA is without sufficient knowledge or information to form a belief as to the truth of the averment in paragraph 6 of the Complaint and demands strict proof thereof.

7.      KCMA is without sufficient knowledge or information to form a belief as to the truth of the averment in paragraph 7 of the Complaint and demands strict proof thereof.

8.      KCMA is without sufficient knowledge or information to form a belief as to the truth of the averment in paragraph 8 of the Complaint and demands strict proof thereof.

## COUNT ONE-ALABAMA MANUFACTURER'S LIABILITY DOCTRINE

9.      KCMA incorporates by reference, as if fully set forth herein, all of the foregoing.

10.     KCMA admits that Count One is asserted under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), but denies that it is liable under the AEMLD and demands strict proof thereof.

11.     KCMA denies that it designs Kobelco SK210 excavators. KCMA admits that it sells, distributes and completes the final assembly of the Kobelco SK210 Hydraulic Excavators, however, many of the component parts are manufactured elsewhere by third parties unrelated to

KCMA.  KCMA admits that it performs some testing and inspections on SK210 Excavators. KCMA is without sufficient information to form a belief as to the truth that a Kobelco SK210 excavator is the subject this lawsuit and demands strict proof thereof.  KCMA denies that a Kobelco SK210 Excavator caused the death of the Plaintiff and demands strict proof thereof.

12. KCMA admits the averments in paragraph 12 of the Complaint, however, KCMA is without sufficient information to form a belief as to whether the machine reached the consumer without substantial change in its condition and demands strict proof thereof.

13. KCMA is without sufficient information to form a belief as to the truth of the averment in paragraph 13 of the Complaint and demands strict proof thereof.

14. KCMA denies that plaintiff was killed by a Kobelco SK210 Excavator, and is without sufficient information to form a belief as to the truth of the averment that plaintiff was using the machine as it was intended to be used and KCMA demands strict proof thereof.

15. KCMA denies the averments in paragraph 15 of the Complaint.

16. KCMA denies the averments in paragraph 16 of the Complaint.

17. KCMA denies the averments in paragraph 17 of the Complaint.

18. KCMA denies the averments in paragraph 18 of the Complaint.

WHEREFORE, KCMA denies that Plaintiff is entitled to any relief requested in the Complaint.

## COUNT TWO - NEGLIGENCE

19. KCMA incorporates by reference, as if fully set forth herein, all of the foregoing.

20. KCMA denies the averments in paragraph 20 of the Complaint and demands strict proof thereof.

21. KCMA denies the averments in paragraph 21 of the Complaint and demands strict proof thereof.

22. KCMA denies the averments in paragraph 22 of the Complaint and demands strict proof thereof.

23. KCMA denies the averments in paragraph 23 of the Complaint and demands strict proof thereof.

24. KCMA denies the averments in paragraph 20 of the Complaint and demands strict proof thereof.

WHEREFORE, KCMA denies that Plaintiff is entitled to any relief requested in the Complaint.

### COUNT THREE - WANTONNESS

25. KCMA incorporates by reference, as if fully set forth herein, all of the foregoing.

26. KCMA denies the averments in paragraph 26 of the Complaint and demands strict proof thereof.

27. KCMA denies the averments in paragraph 27 of the Complaint and demands strict proof thereof.

28. KCMA denies the averments in paragraph 28 of the Complaint and demands strict proof thereof.

29. KCMA denies the averments in paragraph 29 of the Complaint and demands strict proof thereof.

30. KCMA denies the averments in paragraph 30 of the Complaint and demands strict proof thereof.

31. KCMA denies the averments in paragraph 31 of the Complaint and demands strict proof thereof.

WHEREFORE, KCMA denies that Plaintiff is entitled to any relief requested in the Complaint.

Except as expressly admitted herein, all allegations in Plaintiff's Complaint are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

KCMA denies the material allegations of the Complaint, both separately and severally, and demands strict proof thereof.

### SECOND DEFENSE

The Complaint fails to state a claim against KCMA upon which relief can be granted.

### THIRD DEFENSE

KCMA denies that any conduct on its part was the proximate cause of the decedent's claimed injuries and damages.

### FOURTH DEFENSE

KCMA's conduct was not in any manner negligent or wanton.

**FIFTH DEFENSE**

KCMA avers that the excavator involved in the accident was substantially modified or altered after it left this defendant's possession and control and that said modification(s) or alteration(s) were the proximate cause of the decedent's alleged injuries and damages.

**SIXTH DEFENSE**

KCMA avers that all of the decedent's alleged injuries and damages were caused by the acts or omissions of others for whom KCMA owes no legal responsibility.

**SEVENTH DEFENSE**

KCMA denies that the decedent was injured or harmed in any way by any act or omission by KCMA or any of its agents.

**EIGHTH DEFENSE**

Any alleged non-conforming or defective condition of the subject excavator was the result of abuse, neglect, modification or alteration of the excavator that was not authorized by KCMA.

**NINTH DEFENSE**

KCMA avers that decedent was guilty of contributory negligence and that this negligence proximately caused or contributed to cause the alleged injuries and damages.

**TENTH DEFENSE**

The claims alleged against KCMA, separately and severally, in the Complaint are barred by the Commerce Clause of the United States Constitution because they would, if allowed, impose an undue burden on interstate commerce.

**ELEVENTH DEFENSE**

The claims alleged against KCMA are preempted, in whole or in part, by federal law.

## TWELFTH DEFENSE

KCMA avers that decedent was guilty of abuse or misuse of the subject excavator and said abuse or misuse proximately caused or contributed to cause the decedent's alleged injuries and damages.

## THIRTEENTH DEFENSE

KCMA avers that the decedent's claimed injuries and damages were the result of his assumption of the risk, and that said assumption of the risk was the proximate cause of the decedent's claimed injuries and damages.

## FOURTEENTH DEFENSE

Venue in this action is improper, or alternatively, more convenient in another forum.

## FIFTEENTH DEFENSE

Service and/or service of process were improper.

## SIXTEENTH DEFENSE

This Court lacks jurisdiction over KCMA.

## SEVENTEENTH DEFENSE

The Complaint fails to state any claim for which punitive damages can be awarded.

## EIGHTEENTH DEFENSE

The Complaint fails to state a claim under any liability theory other than the Alabama Extended Manufacturer's Liability Doctrine.

## NINETEENTH DEFENSE

Imposition of punitive damages against KCMA in this action would violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Alabama Constitution.

## TWENTIETH DEFENSE

Any award of punitive damages based on anything other than KCMA's conduct in connection with the sale of the specific excavator that is the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment and the Due Process Clause of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama, because any other judgment for punitive damages in this KCMA cannot protect KCMA against impermissible multiple punishment for the same wrong. In addition, any such award would violate the Commerce Clause of the United States Constitution and principles of comity under the laws of the State of Alabama.

## TWENTY-FIRST DEFENSE

The procedure and methods asserted for awarding punitive damages against KCMA in this action violate the Due Process Clause of the United States Constitution and the Due Process Clause of the Constitution of the State of Alabama.

## TWENTY-SECOND DEFENSE

Any claim of punitive damages against KCMA cannot be sustained, because any award of such damages would constitute a retroactive impairment of contractual obligations, in violation of the Contracts Clause of the United States Constitution (U.S. Const., Art. I, § 10).

## TWENTY-THIRD DEFENSE

Any claim of punitive damages against KCMA cannot be sustained, because any award of such damages would violate the Commerce Clause of the United States Constitution (U.S. Const., Art. I, § 8, cl. 3).

**TWENTY-FOURTH DEFENSE**

Unless both KCMA's liability for punitive damages and the appropriate amount of such damages are required to be established by clear and convincing evidence, any award of such damages would violate KCMA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

**TWENTY-FIFTH DEFENSE**

Any claim of plaintiff for punitive damages against KCMA cannot be sustained, because any award of such damages under Alabama law without bifurcating the trial of all such damages issues would violate KCMA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the State of Alabama.

**TWENTY-SIXTH DEFENSE**

Any claim of plaintiff for punitive damages against KCMA cannot be sustained, because any award of such damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of such damages that a jury may impose, would violate KCMA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

**TWENTY-SEVENTH DEFENSE**

In 1987, the Alabama Legislature, in Ala. Code § 6-11-21, established a cap on punitive damages of $250,000.00, absent a showing of pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation.  On June 25, 1993, the Alabama Supreme

Court released its opinion in *Henderson v. Alabama Power Co.*, 627 So.2d 878 (Ala. 1993), and held that the cap on punitive damages established by Ala. Code § 6-11-21 violated the Alabama Constitution. On June 24, 1994, the United States Supreme Court released its opinion in *Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415 (1994). In its opinion, the Court specifically recognized that its previous opinions in *TXO and Haslip* prevent state courts from abolishing limits on punitive damage awards. The Court stated "[t]he *TXO* and *Haslip* opinions established that states <u>cannot abolish limits on the award of punitive damages</u>." *Oberg,* 512 U.S. at 431 n.9 (emphasis added). Pursuant to the Supremacy Clause of the United States Constitution, *Oberg* overrules the Alabama Supreme Court's opinion in *Henderson* and reestablishes the cap on punitive damages under Ala. Code § 6-11-21, prior to its readoption and effective date in 1999. In addition, the Alabama Supreme Court, in *Goodyear Tire and Rubber Co. and Nathaneil Willie Jefferson Brock v. Vinson*, 1999 WL 236503 (Ala. July 2, 1999), has criticized the *Henderson* opinion and indicated its willingness to revisit its decision holding the cap unconstitutional.

## TWENTY-EIGHTH DEFENSE

Any claim of plaintiff for punitive damages against KCMA cannot be sustained, because any award of such damages under Alabama law for the purpose of compensating plaintiff for elements of damage not otherwise recognized by Alabama law would violate KCMA's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

## TWENTY-NINTH DEFENSE

The claims alleged against KCMA, separately and severally, in the Complaint are barred by the Supremacy Clause of the United States Constitution (U.S. Const., Art. VI), in that plaintiff's claims are expressly and impliedly preempted by federal law.

## THIRTIETH DEFENSE

Any claim of plaintiff for punitive damages against KCMA cannot be sustained because any award of such damages under Alabama law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of KCMA, (3) is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and (4) is not subject to judicial review on the basis of objective standards, would violate KCMA's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

## THIRTY-FIRST DEFENSE

Any claim of plaintiff for punitive damages against KCMA cannot be sustained, because any award of such damages under Alabama law without proof of every element beyond a reasonable doubt would violate KCMA's due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

## THIRTY-SECOND DEFENSE

Any claim of plaintiff for punitive damages cannot be sustained because any award of such damages under state law without the same protections that are accorded to all defendants,

including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate KCMA's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and the rights to confront witnesses, a speedy trial and effective assistance of counsel and protection against unreasonable searches and seizures, double jeopardy and compelled self-incrimination.

### THIRTY-THIRD DEFENSE

Section 6-11-21, Code of Alabama, bars plaintiff's claims for punitive damages to the extent they exceed the section's $250,000.00 limit, which has been established by the Alabama Legislature as the outer limit of reasonableness for awards of punitive damages as a matter of public policy. The Alabama Supreme Court's action in striking down this legislative mandate was beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution; therefore, the action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

### THIRTY-FOURTH DEFENSE

Shortly after the Alabama Supreme Court publicly criticized its *Henderson* decision, the Alabama Legislature, by amending Ala. Code § 6-11-21, re-established the cap on the amount of punitive damages to three times the compensatory damages awarded to the party claiming punitive damages, or $500,000.00, whichever is greater. Such amendment to this Code section was effective June 7, 1999, and applies to all actions commenced more than 60 days after such

12

effective date. Therefore, an application of the punitive damages cap to the current action is appropriate and in full accord with the public policy of the State of Alabama.

### THIRTY-FIFTH DEFENSE

Pursuant to Alabama Code § 6-11-21, prior to the 1999 amendment, punitive damages are limited to $250,000.00, absent proof of a pattern or practice of intentional wrongful conduct, actual malice or libel, slander or defamation.

### THIRTY-SIXTH DEFENSE

Pursuant to Ala. Code § 6-11-21, KCMA is not liable for any portion of any award of punitive damages wherein there has been no express findings that KCMA engaged in conduct as defined in Ala. Code § 6-11-20. KCMA is not jointly and severally liable to plaintiff for any award of punitive damages.

### THIRTY-SEVENTH DEFENSE

Under Ala. Code § 6-11-20, punitive damages are only recoverable if a plaintiff proves by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. Accordingly, plaintiff is not entitled to recover punitive damages for any alleged conduct other than intentional conduct.

### THIRTY-EIGHTH DEFENSE

The plaintiff has failed to join necessary or indispensable parties.

### THIRTY-NINTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to KCMA in this case.

**FORTIETH DEFENSE**

KCMA contests the amount and nature of the damages claimed by the plaintiff in the Complaint.

**FORTY-FIRST DEFENSE**

KCMA denies that the excavator described in the Complaint was defective when the excavator left the possession of KCMA.

**FORTY-SECOND DEFENSE**

KCMA avers that the plaintiff's claimed damages were the result of superseding and intervening acts other than the alleged defects in the subject excavator.

**FORTY-THIRD DEFENSE**

KCMA avers that plaintiff's claimed damages were the result of an independent, intervening event and that said event was the proximate cause of plaintiff's damages, and the alleged defects in the subject excavator were not the proximate cause of decedent's alleged damages.

**FORTY-FOURTH DEFENSE**

KCMA avers that the invitation for a court or jury to impose liability on KCMA for a excavator designed in conformance with the standards set by the United States government would deny KCMA due process of law in violation of the Fourteenth Amendment to the United States Constitution.

**FORTY-FIFTH DEFENSE**

KCMA avers that the invitation for a court or jury to impose liability on KCMA for a excavator designed in conformance with standards set by the United States government would be contrary to the public policy of Alabama and the United States.

**FORTY-SIXTH DEFENSE**

If it is established that this defendant is in any manner legally responsible for any of the damages claimed by plaintiff, such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, hence, this defendant is entitled to equitable and applied indemnity/contribution from each of said other defendants, persons and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons or entities.

**FORTY-SEVENTH DEFENSE**

KCMA asserts as a defense, credit or set-off against the damages claimed by the plaintiff the settlement (and any monies paid pursuant thereto) between the plaintiff and any other person or entity and also any monies paid to or on behalf of the plaintiff from collateral sources for injuries or damages suffered in the incident made the basis of this KCMA by any source.

**FORTY-EIGHTH DEFENSE**

Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part by collateral sources.

**FORTY-NINTH DEFENSE**

KCMA is entitled to a set-off of all amounts paid to the plaintiff by the defendants pursuant to pro tanto settlements. To the extent that any damages claimed by the plaintiff have been or will be indemnified in whole or in part from any collateral source, any verdict or judgment against KCMA must be reduced by those amounts pursuant to Ala. Code § 6-5-522.

**FIFTIETH DEFENSE**

KCMA avers that the excavator at issue was not defective within the meaning of the Alabama Extended Manufacturer's Liability Doctrine because of each of the following:

a) It had been altered or modified prior to the accident and was not in substantially the same condition at that time as when it left this defendant's possession and control.

b) The excavator was neither defective nor unreasonably dangerous.

c) The excavator was not unreasonably dangerous because it was not more dangerous than the ordinary user would have contemplated.

d) The manufacture and design of the motor excavator was well in keeping with the state of the art at the time of the manufacture of the excavator.

**FIFTY-FIRST DEFENSE**

KCMA avers that plaintiff does not have standing or capacity to bring this action, as he is not the appropriate legal representative of the decedent's estate.

**FIFTY-SECOND DEFENSE**

The plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

**FIFTY-THIRD DEFENSE**

Alabama's Wrongful Death Statute is unconstitutional both on its face and as applied to KCMA in this action.

**FIFTY-FOURTH DEFENSE**

KCMA alleges affirmatively that the Wrongful Death Act of Alabama violates the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Alabama Constitution in that it allows for the imposition of an excessive fine against joint tortfeasors

without any consideration being allowed to be given by the jury to the degree of culpability a defendant had, if any.

### FIFTY-FIFTH DEFENSE

KCMA alleges affirmatively that the Wrongful Death Act of Alabama is constitutionally void as to defendants and as applied to the acts and circumstances in this KCMA in that:

(a)     It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action.

(b)     It operates to deny to defendants a fair opportunity to have the jury assess damages based on defendants' culpability for negligence which cannot be segregated from allegations of negligence against other defendants.

(c)     Because the allowable damages are entirely punitive and fail to provide for any compensatory damages, the Wrongful Death Act impermissibly creates a damage award that cannot be reviewed for the proportionality of punitive damages to compensatory damages, thereby impermissibly precluding application of the "proportionality" framework of review of punitive damage verdicts mandated by the United States Supreme Court.

(d)     In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives defendants of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law.

(e)     In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives defendants of property without due process of law contrary to

Article I, Section 6 of the Constitution of the State of Alabama which provides, insofar as are germane, that no person shall be deprived of property except by due process of law.

**FIFTY-SIXTH DEFENSE**

KCMA alleges that the determination and assessment of damages under Section 6-5-410 of the Code of Alabama (1975), can neither be read in pari delicto, nor in pari materia, thereby creating an unreasonable classification denying to defendants equal protection of the law under provisions of the Fourteenth Amendment of the Constitution of the United States and under the provisions of the Constitution of the State of Alabama, as well as depriving defendants of property without due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 6 of the Constitution of the State of Alabama.

**FIFTY-SEVENTH DEFENSE**

Section 6-5-410 of the Code of Alabama (1975) violates the United States and Alabama Constitutions in that it deprives defendants of their right to a jury trial guaranteed by the Seventh Amendment to the United States Constitution and Article I, Section 11 of the Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than defendants or defendants' agents or employees and/or without apportionment of damages based on the degree of culpability of defendants, if any.

**FIFTY- EIGHTH DEFENSE**

KCMA denies that it failed to warn plaintiff's decedent.

**FIFTY-NINTH DEFENSE**

KCMA denies any additional warnings would have been read or heeded or would have altered plaintiff's decedent's conduct or prevented this accident.

## SIXTIETH DEFENSE

KCMA pleads the sophisticated user defense.

## SIXTY-FIRST DEFENSE

Plaintiff's claims for damages are barred to the extent that plaintiff seeks categories and amounts of damages beyond those authorized by Alabama's Wrongful Death Act.

## SIXTY-SECOND DEFENSE

KCMA reserves the right to amend its Answer to add any additional affirmative defenses or other defenses as additional information becomes available.

        /s/J. Chandler Bailey
        One of the Attorneys for Defendant
        Kobelco Construction Machinery America

OF COUNSEL:

Jere F. White, Jr. (WHI007)
J. Chandler Bailey (BAI043)
Charles T. Greene (GRE120)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

**CERTIFICATE OF SERVICE**

  I hereby certify that on this <u>19th</u> day of <u>March</u>, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

D. Michael Andrews
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL  36104

              /s/J. Chandler Bailey
              OF COUNSEL