IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| J. DENNIS PUGH, SR., as Administrator of the estate of JAMIE PUGH, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:08cv241-WHA |
| KOBELCO CONSTRUCTION MACHINERY AMERICA, LLC., and KOBELCO CONSTRUCTION MACHINERY COMPANY, LTD., | ) ) ) ) ) | (WO) |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

This cause is before the court on Defendant Kobelco Construction Machinery Company Ltd.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 19), filed on April 16, 2009.

The Plaintiff, J. Dennis Pugh ("Pugh"), originally filed his Complaint against Kobelco Construction Machinery America, LLC ("Kobelco America"), on April 1, 2008, bringing a claim for the wrongful death of James D. Pugh. James D. Pugh died as a result of injuries sustained while operating a Kobelco SK210 Excavator.

On November 18, 2008, Pugh submitted his first set of interrogatories to Kobelco America. On December 23, 2008, Kobelco America responded to the interrogatories, and in its response identified Kobelco Construction Machinery Company Ldt. ("KCMC") as the designer of the excavator.

On January 27, 2009, with the permission of the court, Pugh filed an Amended Complaint adding KCMC as a defendant. It appears to the court that complete diversity of the

parties exists and the requisite amount is in controversy.

For reasons to be discussed, the Motion to Dismiss is due to be denied.

## II.  MOTION TO DISMISS STANDARD

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 569. The factual allegations  "must be enough to raise a right to relief above the speculative level." *Id*. at 555.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

## III.  FACTS

The allegations of the Plaintiff's Amended Complaint are as follows:

On April 6, 2006, in Lee County, Alabama, James Pugh, Jr. ("James") was operating a Kobelco SK210 Excavator.  He drove the excavator to the intended location, stopped the excavator, stood up, and opened the operator entry door.  While he was standing, the excavator "suddenly swivelled to the left," causing James's head to become "trapped and crushed between the case of the excavator and a tree."  Amended Complaint, pp. 2-3, ¶¶ 7-8.  James died as a result of injuries sustained in the accident.

Pugh alleges that the excavator was designed, engineered, manufactured and marketed by the Defendants, and that the excavator's defects proximately caused James D. Pugh's death.

## IV. **DISCUSSION**

The Defendants contend that the Plaintiff's claims against KCMC are time barred by the statute of limitations. The statute of limitations, under Alabama law, for wrongful death claims is two years. Ala. Code § 6-5-410(d). The injury in this case occurred on April 6, 2006, and the Amended Complaint, which added KCMC as a defendant, was filed on January 27, 2009. Therefore, to avoid dismissal of his claims against KCMC, Pugh must show that his claims against KCMC relate back to his claims against Kobelco America contained in the original complaint, which was timely filed on April 1, 2008.

Federal Rule of Civil Procedure 15(c)(1) provides three ways in which an amendment may relate back to the original complaint. First, an amendment relates back when "the law that provides the applicable statute of limitation allows relation back." Fed. R. Civ. P. 15(c)(1)(a). Second, an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Fed. R. Civ. P. 15(c)(1)(b). Under the third option, when the amendment changes the party or the naming of the party against whom a claim is asserted, relation back of the amendment is permitted when: (1) the claim against the party to be brought in arose out of the conduct, transaction, or occurrence set out in the original pleading; (2) the party to be brought in received such notice of the action that it will not be prejudiced in defending on the merits; and (3) the party to be brought in knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(c).

The parties agree that only the third option is at issue in this case. The parties further

agree that the claims against KCMC arise from the same conduct transaction or occurrence set out in the original complaint. Therefore, the court need only consider whether (1) KCMC received notice of the action such that it will not be prejudiced in defending the suit on the merits, and (2) knew that but for a mistake, the suit would have been brought against it.

Beginning with the notice issue, notice of a suit may be imputed where the new defendant and the originally named defendant share some identity of interest, or where the parties are so interrelated in their business operations that notice of the institution of an action against one would serve as notice to the other. *Bowden ex rel. Bowden v. Wal-Mart Store, Inc.*, 124 F. Supp. 2d 1228, 1241 (M.D. Ala. 2000) (citing *Kirk v. Cronvich*, 629 F.2d 404, 407-08 (5th Cir. 1980)). Notice may also be imputed to the new party through shared counsel. *Pompey v. Lumkin*, 321 F. Supp. 2d 1254, 1263 (M.D. Ala. 2004) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998)). Here, because KCMC is the sole member of Kobelco America and the two parties have shared counsel, the court finds that KCMA received timely notice of this suit such that it will not be prejudiced in defending the suit on the merits. *See* Fed. R. Civ. P. 15(c)(1)(c)(i).

Turning to the mistake element, the Eleventh Circuit has repeatedly held the word "mistake" in Rule 15(c) should be liberally construed. *See, e.g., Itel Capital Corp. v. Cups Coal Co., Inc.*, 707 F.2d 1253, 1258 (11th Cir. 1983); *Wayne v. Jarvis*, 197 F.3d 1098, 1102-04 (11th Cir. 1998); *Kuehn v. Cadle Co., Inc.*, No. 08-16547, 2009 WL 1606868, *2 (11th Cir. June 10, 2009). In *Itel Capital*, the Eleventh Circuit held that the newly added defendant, due to the close relationship between the newly added defendant and the originally named defendant, knew or should have known that but for the plaintiff's mistake, both parties would have been sued. *Itel*

*Capital,* 707 F.2d at 1258.  The Eleventh Circuit recently reiterated its holding from *Itel Capital* in an unpublished opinion, *Kuehn v. Cadle Co., Inc.*, No. 08-16547, 2009 WL 1606868, *2 (11th Cir. June 10, 2009).

KCMC contends that Pugh's failure to name KCMC in the original complaint was a result of "lack of knowledge of its identity," and not a mistake covered by Rule 15(c)(1)(c), citing *Wayne v. Jarvis*, 197 F.3d 1098 (11th Cir. 1998), and an unpublished district court decision.  In *Wayne*, the Eleventh Circuit was faced with application of Rule 15(c) in the context of an amendment that replaced "seven 'John Doe' deputy sheriffs with eight specifically-named deputy sheriffs," and held that the amendment did not relate back to the original complaint.  *Id.* at 1102-03.  The *Wayne* court acknowledged *Itel Capital*'s liberal construction of the term "mistake," but refused to equate "mistake" with "lack of knowledge" of the identity of the parties.  *Id.*

The court finds the facts in this case distinguishable from *Wayne*, and closely akin to those in *Itel Capital*.  Here, unlike in *Wayne*, it was not the "lack of knowledge" of KCMC's identity that resulted in Pugh's failure to name KCMC in the original complaint.  Rather, it was the similarity of the names and operations of Kobelco America and KCMC that resulted in Pugh's mistake as to which entity was responsible for the design, engineering, manufacturing, and marketing of the Kobelco SK210 Excavator.  The *Itel Capital* court makes clear that mistakes resulting from the close relationship of the two parties are mistakes within the liberally construed meaning of the term as it is used in Rule 15(c).  Therefore, the court concludes that KCMC knew or reasonably should have known that but for Pugh's mistake, the suit would have been brought against both Kobelco America and KCMC.  *See* Fed. R. Civ. P. 15(c)(1)(c)(ii).

KCMC also cites non-binding authority from other circuits to argue that Pugh cannot meet the requirements of 15(c)(1)(c) because the Amended Complaint adds a new defendant, rather than "changes the party . . . against whom a claim is asserted."  The Eleventh Circuit, however, has not adopted the view that  "change," as used in Rule 15(c)(1)(c), is strictly synonymous with "substitute," and has permitted the application of 15(c)(1)(c) to situations where the plaintiff's amended complaint added a new defendant, while also maintaining claims against the original defendants.  *See Itel Capital Corp.*, 707 F.2d at 1258 (holding Rule 15(c) applies where the amended complaint adds a new defendant, in addition to naming the original defendant).  Therefore, for the reasons discussed, the Motion to Dismiss is due to be denied.

## V.  CONCLUSION

It is hereby ORDERED that Kobelco Construction Manufacturing Company Ltd.'s Motion to Dismiss (Doc. # 19) is DENIED

Done this 12th day of August, 2009.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE