IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| J. DENNIS PUGH, SR., as Administrator of the Estate of JAMES D. PUGH, JR., deceased, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 2:08cv241-WHA |
| KOBELCO CONSTRUCTION MACHINERY AMERICA, LLC., and KOBELCO CONSTRUCTION MACHINERY COMPANY, LTD., ) ) ) ) ) | (WO) |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on Defendant Kobelco Construction Machinery America, LLC ("Kobelco America"), and Kobelco Construction Machinery Company, Ltd.'s ("KCMC") (collectively "Defendants") Motion to Substitute Proper Party or in the Alternative to Dismiss (Doc. #33), filed on February 12, 2010, Plaintiff J. Dennis Pugh, Sr.'s ("Dennis Pugh") Motion for Leave to Amend the Complaint (Doc. #35), filed on February 19, 2010, Dennis Pugh's Amended Motion for Leave to Amend the Complaint (Doc. #41), filed on March 12, 2010, and Defendants' Motion to Strike (Doc. #44), filed on March 22, 2010.

Dennis Pugh brought the original Complaint in this wrongful death case in his capacity as Administrator of the Estate of James Pugh Jr. James Pugh Jr. is the decedent in this case, and Dennis Pugh's son. The parties agree that Dennis Pugh, in his capacity as Administrator of the Estate, is not the proper plaintiff to bring this third-party wrongful death action, which must be

brought by the "dependent" of the decedent, pursuant to Ala. Code § 25-5-11(a), and not by the administrator of the estate.[1] As a result of this pleading defect, Dennis Pugh seeks to amend the Complaint to change his capacity from "Administrator of the Estate" to "dependent," and to add Jennifer Pugh Robinson, the widow of the decedent, as an additional dependent. Dennis Pugh argues that this amendment relates back to the time the suit was filed so as to avoid being barred by the two-year statute of limitations.

Defendants have objected to Dennis Pugh's motion to amend the Complaint on various grounds, and argue that the motion should be denied and the Complaint should be dismissed. Because the court concludes that Dennis Pugh has failed to demonstrate the "good cause" required by Federal Rule of Civil Procedure 16(b)(4) to allow amendments to pleadings after the deadline set forth in the scheduling order has passed, the Defendants' motion to dismiss the Complaint is due to be GRANTED, and the Plaintiff's motion to amend the Complaint is due to be DENIED. The Complaint in this case is due to be DISMISSED.

## II.  **MOTION TO DISMISS STANDARD**

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a

---

[1] Ala. Code § 25-5-11(a) provides, in pertinent part, that when a third party is jointly liable with an employer for the death of an employee for which compensation is payable under the Alabama Workers Compensation Act, only a deceased employee's dependents have standing to file an action seeking damages for the decedent's alleged wrongful death. *See Tucker v. Molden*, 761 So. 2d 996, 998 (Ala. 2000) (noting that § 25-5-11(a) vests standing to sue for the wrongful death of an employee who leaves dependents in the dependents themselves).

cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal,* _ U.S. _, 129 S.Ct. 1937, 1949-50 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *Id*. (citation omitted). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

### III.  FACTS

Plaintiff J. Dennis Pugh Sr., in his capacity as Administrator of the Estate of James D. Pugh Jr., filed the original Complaint in this case against Kobelco America, bringing a claim for the wrongful death of his son, who allegedly died as a result of injuries sustained while operating a Kobelco SK210 Excavator. The filing of the original Complaint was timely; the accident occurred on April 6, 2006, Plaintiff filed the Complaint on April 1, 2008, and a two-year statute of limitations period governs wrongful death claims in Alabama pursuant to Ala. Code. § 6-5-410(d).

Kobelco America filed an Answer to the Complaint on May 19, 2008. In that Answer, Kobelco America averred that "plaintiff does not have standing or capacity to bring this action, as he is not the appropriate legal representative of the decedent's estate." (Doc. #5 at 16.) Discovery in the case progressed and revealed that KCMC, rather than Kobelco America, designed the excavator that is the subject of this litigation. Consequently, Dennis Pugh, on

January 27, 2009, with permission of the court, filed an Amended Complaint adding KCMC as a defendant. (Doc. #16.) KCMC filed an Answer on August 25, 2009 (Doc. #26), and alleged the same defense regarding Plaintiff's lack of capacity as did Kobelco America. (Doc. #26 at 21.)

The addition of KCMC as a Defendant resulted in a change in the Uniform Scheduling Order governing deadlines for this case. The original Uniform Scheduling Order, entered June 11, 2008 (Doc. #10), set January 9, 2009 as the deadline for moving to amend the pleadings and add parties. On that deadline, the Plaintiff moved to amend the Complaint to add KCMC. On January 23, 2009, the court granted the motion over the Defendant's objection, and pointed out that the motion was timely filed under the scheduling order. The same order set aside the original Uniform Scheduling Order to allow time for service on KCMC and time for determination of an expected motion to dismiss by KCMC based on the argument that the amendment did not relate back to the date this case was originally filed, April 1, 2008. That issue was briefed and the court denied the Defendant's motion to dismiss. (Doc. #24.)

A new Uniform Scheduling Order was then entered on September 10, 2009 which set November 10, 2009, over 19 months after this suit was filed, and two months after entry of the new order, as the new deadline for moving to amend the pleadings and add parties. (Doc. #29 at § 4.) This Order again allowed 14 days to object to any deadline, and no objection was filed.

On February 12, 2010, the Defendants filed their Motion to Substitute Proper Party or in the Alternative to Dismiss (Doc. #33). In footnote 1 of that motion, the Defendants reserved the right to object to any substituted party and asked for the case to be dismissed in the absence of substitution of a proper party.

Plaintiff has filed two motions to amend the Complaint after the November 10, 2009 deadline. One, filed on February 19, 2010, was a proposed amendment to add Jennifer Pugh Robinson, the widow of James D. Pugh Jr., as a proper plaintiff (Doc. #35), and the other, filed on March 12, 2010 (Doc. #41), seeks to amend the Complaint by changing Dennis Pugh's capacity from Administrator of the Estate of James D. Pugh Jr. to father and dependent of James D. Pugh, Jr, and to add Jennifer Pugh Robinson as an additional dependent of James D. Pugh Jr. Defendants object to these amendments on various grounds.

## IV.  DISCUSSION

**A.  Whether Defendants have waived the right to assert the defense of lack of capacity under Rule 9(a)(2).**

Plaintiff contends that Defendants have waived the right to assert the defense of lack of capacity by failing to plead this defense with specificity pursuant to Federal Rule of Civil Procedure 9(a)(2).

Rule 9(a)(2) requires that a party must raise an opponent's "capacity to sue or be sued . . . by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." Dennis Pugh argues that the Defendants failed to comply with Rule 9(a)(2) because they never raised in their Answers or a timely filed motion the defense that the Estate of James Pugh Jr. lacked the capacity to sue. Both Kobelco America and KCMC, in their respective Answers, stated that "plaintiff does not have standing or capacity to bring this action, as he is not the appropriate legal representative of the decedent's estate." (Doc. #5 at 16, "Fifty-First Defense"; Doc. #26 at 21, "Fifty-Second Defense".) According to Dennis Pugh, this language does not comply with Rule 9(a)(2) because it merely challenges Dennis Pugh's capacity to represent the Estate, a defense that implies the Estate was the proper party but that

Dennis Pugh, individually, is not the proper person to represent the Estate.  As the Plaintiff puts it, "[t]here is a fundamental difference between alleging that Dennis Pugh lacked the capacity to represent the Estate of Jamie Pugh (as asserted in the Defendants' Answers) versus a specific denial that the Estate itself lack capacity to bring the lawsuit (as now argued by the Defendants).  The former does not put the Plaintiff on notice that the Defendants will later argue the latter."  (Doc. #51 at 4-5.).  Thus, Plaintiff contends that, because Defendants did not specifically deny Plaintiff's capacity pursuant to Rule 9(a)(2), the defense has been waived.

Plaintiff's argument is unavailing.  Plaintiff assumes that Rule 9(a)(2) always requires a party to support a denial of capacity with particular facts.  That assumption is incorrect.  Unlike Fed. R. Civ. P. 9(b) and 9(c), which require a party to plead with particularity, Rule 9(a)(2) simply requires a "specific denial."  Requiring a  "specific denial" means that generally denying all allegations in the complaint pursuant to Rule 8(b)(3)$^2$ is not a sufficient denial of capacity.  A specific denial under Rule 9(a)(2) does not require the pleader of the defense to spell out in detail exactly why the other party lacks capacity, unless those details are peculiarly within the pleader's knowledge.  *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1294 (3d ed. 2010) ("The requirement of a specific negative averment regarding capacity, authority, or legal existence is not especially onerous. A direct statement that the pleader denies the opponent's existence, capacity to sue or be sued, or authority has been held

---

$^2$ Rule 8(b)(3) provides:
(3) General and Specific Denials.
A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

sufficient to raise the issue."); *see also DDR Hendon Nassau Park II LP v. RadioShack Corp.*, No. 1:08-CV-2535, 2010 WL 723776, at *5-6 (N.D. Ohio Feb. 24, 2010) (concluding that defendant's objection, stated in a compound sentence, complied with Rule 9(a)); *Masood v. Saleemi*, No. C06-1104JLR, 2007 WL 2069853, at *4 (W.D. Wash. July 13, 2007) (concluding that defendant's objection, couched in general terms of standing, complied with Rule 9(a)).[3]

Moreover, Rule 9(a)(2) only requires a party to state specific facts supporting the capacity defense if such facts are "peculiarly within the party's knowledge." It is quite difficult to imagine what particulars concerning Dennis Pugh's capacity would be peculiarly within Kobelco America and KCMC's knowledge. More than anyone else, Dennis Pugh knows whether he was dependent on his son prior to his death, and the law governing this third-party wrongful death action is equally available to both parties. *See Rosenblatt v. United Air Lines, Inc.*, 21 F.R.D. 110, 111 (S.D.N.Y. 1957) ("The pleader here did not include any particulars. However, it is difficult to imagine what particulars would be peculiarly within his knowledge. The applicable law is equally available to both parties and whether the procedural steps necessary to comply with that law had been taken would seem to be more readily known to the plaintiff than to the pleader."). Both Defendants, in two different Answers, specifically averred that Plaintiff did not have capacity to bring this action. Those statements constitute a specific denial of capacity to bring suit and Rule 9(a)(2) does not require more. That Alabama law

---

[3] This point illustrates why Plaintiff's reliance on *Marston v. Am. Emp. Ins. Co.,* 439 F.3d 1035, 1041 (1st Cir. 1971) is misplaced. In that case, the First Circuit concluded that the defendant failed to deny the plaintiff's capacity pursuant to Rule 9(a) because the defendant "merely denied each and every averment in the relevant paragraph of the amended complaint; no mention was made of the reason for the denial." *Id.* Here, Defendants specifically denied capacity as a defense to the complaint.

provides that, in a case such as this, "only a deceased employee's dependents have standing to file an action seeking damages for the decedent's alleged wrongful death," is certainly no more "peculiarly within the [Defendants'] knowledge" than it is within the knowledge of the Plaintiff. Accordingly, Defendants have satisfied the requirement of Rule 9(a)(2) and have not waived the defense of lack of capacity.[4]

**B. Whether the amendment is timely under Rule 16(b)(4).**

Defendants argue that Plaintiff's motion to amend should be denied on timeliness grounds pursuant to Federal Rule of Civil Procedure 16(b)(4) because the court's deadline to amend the pleadings – November 10, 2009 – has passed.

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The Advisory Committee notes to Rule 16 point out that "The court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."

The Eleventh Circuit Court of Appeals, in the case of *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1988), set a high standard for adding parties and amending the pleadings after the expiration of a Rule 16 scheduling order deadline, as follows:

> District courts are required to 'enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings . . .' *Fed.R.Civ.P. 16(b)*. Such orders 'control the subsequent course of the action unless modified by a subsequent order,' *Fed.R.Civ.P. 16(e)*, and may be modified only 'upon a showing of good cause.' *Fed.R.Civ.P. 16(b)*. This good cause standard **precludes modification unless the schedule cannot 'be met despite the**

---

[4] Because Defendants did not waive the capacity defense under Rule 9(a)(2), the court does not address whether the capacity to sue under Ala. Code § 25-5-11(a) is a jurisdictional defense that is not subject to waiver.

> **diligence of the party seeking the extention**.' (emphasis added) *Fed.R.Civ.P. 16* advisory committee's note; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.")

This high standard for modification of scheduling order deadlines after they have passed has been applied consistently by this court in the past. In addition to this being required by circuit law, it is consistent with important policy considerations which apply beyond an individual case. It is important for all parties to understand, and to be able to rely on, the fact that once deadlines have been set, after considering (although not being bound by) suggestions by the parties, the entry of the scheduling order, and in the absence of any objection to deadlines within the time allowed by the scheduling order, those deadlines will be enforced. Otherwise, the deadlines are meaningless. Thus, the integrity of scheduling orders in all cases before the court, and not just in this case, is implicated.

Plaintiff points to the following facts to demonstrate that he exercised the diligence that Rule 16(b)(4) requires to amend a complaint after a scheduling order deadline: (1) Plaintiff "has incurred extraordinary expenses in pursuing depositions, documents, and other discovery to meet the Court's discovery deadlines"; (2) Extensive testing has been conducted on the excavator at issue, which is located in Pennsylvania, in an effort to meet upcoming deadlines for the disclosures of Rule 26 expert reports; and (3) Plaintiff could not have reasonably foreseen at the time of the issuance of the Uniform Scheduling Order that the Defendants would raise the lack of capacity of the Estate to sue in this matter since the defense was not raised in their answers. (Doc. #51 at 4-5.)

These reasons do not constitute good cause for amending the scheduling order pursuant to Rule 16(b)(4). First, the expenditure of extraordinary costs provides no explanation as to why

the particular amendment at issue could not reasonably have been made prior to November 10, 2009, the deadline imposed by the Uniform Scheduling Order. No motion was filed by the Plaintiff asking for an extension of the deadline for amendments or a stay pending resolution of this motion. Second, the meeting of other deadlines, such as the deadline for disclosure of Rule 26 expert reports, does not excuse the failure to meet the deadline for amending the pleadings. Rule 16 requires that all deadlines must be met. Finally, that Defendants did not spell out exactly how Dennis Pugh lacked capacity does not constitute good cause for failing to seek to amend the Complaint to have the suit brought in the only capacity allowed by law. This is not a matter of form over substance, but involves substantively who would be entitled to receive the benefits of a lawsuit -- the estate of the decedent or his dependents. Alabama law is clear that it is his dependents. Defendants, in both of their Answers, specifically challenged Plaintiff's capacity to bring suit. At that point, Plaintiff had the responsibility to determine, within the time specified in the scheduling order, whether Dennis Pugh, as Administrator of the Estate of Jamie Pugh Jr., could bring this lawsuit.

Moreover, the amendment changing Dennis Pugh's capacity from Administrator of the Estate to dependent is based upon facts that were or should have been known to Plaintiff at the time the original Complaint was filed in April of 2008. Dennis Pugh's legal relationship to the decedent, and his knowledge regarding that relationship, has not changed since the date of the accident on April 6, 2006, nearly two years before he filed his original Complaint and nearly three years before he filed his first Amended Complaint. Since Plaintiff has in no way shown that the deadline for amending the Complaint could not "be met despite the diligence of the party seeking the extension," there is no "good cause" for Plaintiff's failure to have timely moved to

amend his Complaint to include the proper capacity. *See Sosa v. Airprint Systems*, 133 F.3d 1417, 1419 (11th Cir. 1998); *Jameson v. Arrow Co.,* 75 F.3d 1528, 1535 (11th Cir. 1996).

Accordingly, because Plaintiff has moved to amend the Complaint after the deadline imposed by the Uniform Scheduling Order, and has failed to show good cause as to why the scheduling order should be modified, the amendment is untimely under Rule 16(b)(4). Consequently, the first Amended Complaint controls (Doc. #16), and that Amended Complaint was brought by an improper party. Defendants' motion to dismiss is therefore due to be GRANTED.[5]

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

(1)  Plaintiff's Motion to Amend the Complaint (Doc. #35) is DENIED.

(2)  Plaintiff's Amended Motion to Amend the Complaint (Doc. #41 ) is DENIED.

(3)  Defendants' Motion to Strike Dennis Pugh's Affidavit (Doc. #44) is DENIED as moot.

(4)  Defendants' Motion to Substitute Proper Party  (Doc. #33) is DENIED, on the basis of futility.

(5)  Defendants' Alternative Motion to Dismiss (Doc. #33) is GRANTED, and this case is DISMISSED, with costs taxed as paid.

(6) Final judgment will be entered in accordance with this Order.

---

[5] The court's dismissal of the Complaint is based solely on the untimely nature of Plaintiff's amendment under Rule 16(b)(4).  The court does not address the merits of Plaintiff's theory that the amendment relates back to the time of filing, Defendants' argument that Plaintiff submitted a sham affidavit, or Defendant's argument that the doctrines of judicial estoppel and res judicata preclude Plaintiff from claiming that he is a dependent of Jamie Pugh Jr.

Done this 23rd day of June, 2010.

        /s/ W. Harold Albritton
        W. HAROLD ALBRITTON
        SENIOR UNITED STATES DISTRICT JUDGE